UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Juliana Martinez and Moises Toledo,<br><br>    Plaintiffs<br><br>v.<br><br>Pacific Gas and Electric Company,<br><br>    Defendant | 2:16-cv-00594-JAD-NJK<br><br>**Order Granting Motion to Dismiss, Denying Motion for Leave to Amend, and Closing Case**<br><br>[ECF Nos. 5, 14] |

Plaintiffs Juliana Martinez and Moises Toledo sue the Pacific Gas and Electric Company ("PG&E") under 42 USC § 1983, alleging civil-rights violations stemming from PG&E's alleged contamination of the groundwater beneath their former residence in Hinkley, California.[1] PG&E moves to dismiss for lack of personal jurisdiction and improper venue,[2] and plaintiffs request leave to amend their complaint to add new defendants.[3] Because I lack personal jurisdiction over PG&E, I grant its motion to dismiss, deny plaintiffs' motion for leave to amend, and close this case.

### Background[4]

PG&E is a California corporation "with [its] only domicile in the State of California."[5] Plaintiffs relocated to Nye County, Nevada, in May 2015 after discovering that the groundwater beneath their home in Hinkley, California, was contaminated.[6] Plaintiffs filed suit in March 2016. They allege that PG&E initially poisoned the groundwater in Hinkley in 1952 and again from

---

[1] ECF No. 1.

[2] ECF No. 5.

[3] ECF No. 14.

[4] These facts are taken from the complaint and should not be construed as findings of fact.

[5] ECF No. 1 at ¶ 18.

[6] *Id.* at ¶¶ 16–17.

2012–2014 through its environmental-remediation efforts.[7]  According to plaintiffs, PG&E conspired with local, state, and federal government employees to cover up the contamination[8] and can thus be considered a government actor for § 1983 purposes.[9]

PG&E moves to dismiss for lack of personal jurisdiction and improper venue.  Plaintiffs allege that, "[s]ince November 2015, thousands [of] pages of papers were transmitted to [PG&E], clearly identifying the Plaintiffs' address in Nevada, thus more than sufficient minimum contacts" exist to establish personal jurisdiction.[10]  Plaintiffs also move for leave to amend their complaint to add other defendants.[11]

**Discussion**

A.   **Personal jurisdiction**

The due-process clause of the Fourteenth Amendment limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[12]  As the United States Supreme Court explained in the pathmaking *International Shoe* opinion, "[a]lthough a non-resident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[13]  "[T]he defendant's conduct and connection with the forum State [must be enough] that he should reasonably anticipate being haled into court there."[14]

---

[7] *Id.* at ¶¶ 45–47.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 1.

[10] *Id.* at ¶ 15.

[11] ECF No. 14.

[12] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[13] *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[14] *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the forum state are so continuous and systematic" that they are "essentially at home" there.[15]  Specific (or case-linked) jurisdiction, on the other hand, depends on an "activity or an occurrence that takes place in [or is purposely directed at] the forum State and is therefore subject to the State's regulation."[16]  "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."[17]  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has jurisdiction over the defendant.[18]

### B.     This court lacks jurisdiction over PG&E.

Plaintiffs have not carried their burden to make a prima facie showing that I have either general or specific jurisdiction over PG&E.  Plaintiffs have not offered any facts to show that PG&E's affiliations with Nevada are so continuous and systematic that the corporation is "essentially at home" here.  In fact, plaintiffs allege only that PG&E is a California corporation and that it is domiciled in California.[19]  Based on these facts, I cannot conclude that PG&E is properly subject to general, all-purpose jurisdiction in Nevada.

Plaintiffs have also failed to show that the exercise of specific jurisdiction over PG&E is proper.  The only contact alleged by plaintiffs is PG&E's receipt of papers identifying plaintiffs' new address in Nevada.[20]  This conduct is insufficient to establish minimum contacts for two reasons.  First, PG&E's passive knowledge that plaintiffs are now Nevada residents does not constitute

---

[15] *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted).

[16] *Id.*

[17] *Id.* (internal citations and quotations omitted).

[18] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

[19] ECF No. 1 at ¶¶ 8, 16.

[20] *Id.* at ¶15.

activity purposefully directed at Nevada.  Second, minimum contacts are measured at the time the events that gave rise to the suit occurred.[21]  PG&E allegedly received papers identifying plaintiffs as Nevada residents *after* they relocated to Nevada, and well after the alleged contamination (and plaintiffs' alleged discovery of the contamination) that gave rise to this lawsuit.[22]

The other bases for jurisdiction that plaintiffs raise in their opposition are also unpersuasive.  Plaintiffs first argue that jurisdiction is proper because PG&E purposefully availed itself to the benefits and privileges of doing business in Nevada.  Plaintiffs cite to a September 9, 2000, press release reporting that Pacific Gas and Energy Corporation's National Energy Group would pursue the corporation's first project in Nevada through development of a plant outside of Las Vegas.[23]  But another exhibit shows that the National Energy Group is a separate corporation from defendant PG&E and is neither a parent nor a subsidiary of PG&E.[24]  In fact, Pacific Gas and Energy Corporation owns both defendant PG&E and the National Energy Group.[25]  Thus, the National Energy Group's contacts are not attributable to PG&E.  Even if these contacts were attributable to PG&E, jurisdiction would still not lie because (1) operating a plant in Nevada does not automatically give rise to general jurisdiction[26] and (2) plaintiffs' claims arise out of PG&E's alleged activities in California, not the development of the Nevada power plant, so the Nevada power plant is no basis

---

[21] *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (stating that "[w]hen a court is exercising specific jurisdiction over a defendant. . . , the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred.").

[22] Plaintiffs represent that they changed their address from California to Nevada on May 22, 2015.  ECF No. 13 at 5.

[23] ECF No. 13 at 21–23.  The article is not properly authenticated.

[24] See ECF No. 13 at 33 ("PG & E National Energy Group, Inc. Is a Delaware corporation and a wholly-owned subsidiary of PG&E Corp[oration.]").

[25] *Id.*

[26] *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (rejecting proposition that corporation is subject to general jurisdiction in every state in which it engages in a substantial, continuous, and systematic course of business, and emphasizing that the relevant inquiry is whether a corporation's *affiliations* (not activities) with the state are so continuous and systematic as to render it essentially at home there).

for this court to exercise specific jurisdiction.

Plaintiffs next argue that jurisdiction is proper because PG&E's representatives have called them and other victims over the last six months, offering to buy the victims' real property in exchange for dismissing their lawsuits.[27]  These alleged phone calls are also insufficient to establish specific jurisdiction because plaintiffs' claims do not arise out of those phone calls.

Finally, plaintiffs argue that jurisdiction is proper because PG&E participated in a lawsuit that plaintiffs filed in California Superior Court when plaintiffs were Nevada residents.[28]  PG&E is not subject to personal jurisdiction in Nevada simply because it defended itself against a lawsuit brought by Nevada residents in a California state court.

Plaintiffs have not made a prima facie showing that this court has the power to exercise personal jurisdiction over PG&E, so I grant PG&E's motion to dismiss for lack of personal jurisdiction.  Because I conclude that I lack jurisdiction over PG&E, I decline to reach PG&E's improper-venue arguments.

**C.    Plaintiffs' motion for leave to amend is denied.**

After PG&E moved to dismiss the complaint, plaintiffs filed a motion for leave to amend. Plaintiffs seek leave to name additional defendants, including a single federal-government employee and five California state and local-government employees.  Plaintiffs do not assert that any of these employees resides in Nevada or has engaged in any conduct purposefully directed at Nevada.

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires."  But leave to amend should be denied if the proposed amendment is futile.[29]  I decline to grant plaintiffs leave to add these additional defendants because (1) these proposed amendments do not cure plaintiffs' fatal jurisdictional problems and (2) plaintiffs failed to attach a copy of their proposed amended complaint to their motion, as this district's local

---

[27] ECF No. 13 at 10.

[28] *Id.* at 12.

[29] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

1  rules require.³⁰  Accordingly, plaintiffs' motion for leave to amend is denied.

**Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **PG&E's motion to dismiss for lack of personal jurisdiction [ECF No. 5] is GRANTED.  This case is dismissed for lack of personal jurisdiction.**

IT IS FURTHER ORDERED that **plaintiffs' motion for leave to amend [ECF No. 14] is DENIED.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated May 16, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

³⁰ L.R. 15-1(a).